**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROY DAVID SMITH, | No. 10-55759 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-05789-DOC-DTB |
| v. | |
| GEROGE A. NEOTTI, Warden, | MEMORANDUM[*] |
| Respondent - Appellee., | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Troy David Smith appeals the district court's denial of his petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a

certificate of appealability on the question of "[w]hether habeas relief is warranted

under 28 U.S.C. § 2254(d) with respect to petitioner's claim that his trial counsel

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

rendered ineffective assistance of counsel by failing to properly prepare a witness list and present an effective affirmative defense." We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

The California Court of Appeal's determination that Smith's trial counsel did not render ineffective assistance was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The standard for federal habeas relief is "difficult to meet" and "[s]urmounting *Strickland*'s high bar [to establish ineffective assistance] is never an easy task." *Harrington v. Richter*, 131 S. Ct. 770, 786, 788 (2011) (citations and quotation marks omitted). Here, Smith's trial counsel properly prepared and filed a witness list. The trial judge excluded the testimony of Pia Holmes and Keith Hayhurst for stated reasons unrelated to trial counsel's performance, or any bias or dislike the trial judge may have harbored against him. Smith thus failed to establish that "his counsel provided deficient assistance and that there was prejudice as a result." *Harrington*, 131 S. Ct. at 787.

**AFFIRMED.**